```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


LOCAL NO. 20 SHEET METAL       )
WORKERS' INTERNATIONAL         )
ASSOCIATION,                   )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:04 cv 142
                               )
CULVER ROOFING, INC.,          )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendant, Culver Roofing, Inc., ("Culver") on July 6, 2005, and the First Amended Motion, With Self-Contained Brief, for Confirmation of Arbitration Award and For Its Attorneyís Fees and Costs filed by the plaintiff, Sheet Metal Workers International Association Local Union No. 20, (the "Union") on July 7, 2005. For the following reasons, the motion for summary judgement is **DENIED,** and the motion for confirmation of arbitration award and attorneyís fees and costs is **GRANTED.**

Background

On December 3, 2003, the Local Joint Adjustment Board for the Sheet Metal Industry ("LJAB") issued an arbitration decision in favor of the Union. In the decision, the LJAB held that Culver violated Addendum X, Section 1(a) of the collective bargaining agreement ("CBA") by laying off the steward, Rob Long, before the last man on a job.  The award, which was signed by Chairman of the LJAB Steven A. Nelson, instructed Culver to reinstate Long by

December 10, 2003 and to compensate Long in the amount of $8,400.00 in back pay.  On December 4, 2003, the LJAB formally notified Culver of the award in a letter signed only by Nelson. The letter did not provide an explanation of the reasoning behind the LJAB's decision.

On December 9, 2003, counsel for Culver notified Nelson that Culver considered the arbitration award invalid because the LJAB decision did not comply with Indiana's Uniform Arbitration Act. On December 10, 2003, counsel for the Union requested clarification on the defendant's assertion that the Uniform Arbitration Act applied to the labor arbitration award.  After rejecting a settlement offer from Culver for $3,000, the Union filed suit to enforce the LJAB arbitration award on April 4, 2004 under section 301 of the Labor Relations Act.  *See* 29 U.S.C. ß185.  In its motion to enforce the arbitration award, the Union seeks a total of $20,314.24, which represents the $8,400 originally ordered by the LJAB plus the $8,285.06 in wages and $3,629.18 in fringe benefits Long lost due to Culver's failure to rehire him.

### Discussion

The parties' motions are cross motions for summary judgment in which the Union is seeking to enforce the LJAB award and Culver seeks to have the award vacated.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* ***Celotex Corp. v.***

2

*Catrett*, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir. 2004); *Windle v. City of Marion*, *Indiana*, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence*, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Lawrence*, 391 F.3d at 841; *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994).  *See also Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999); *Plair v. E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir.

1997); ***United Association of Black Landscapers v. City of Milwaukee***, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)

***See also, Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); ***Celotex Corp***., 477 U.S. at 322-323, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003) (stating that a genuine issue exists and summary judgment is inappropriate

4

if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

### A. The Arbitration Award

Judicial review of arbitration awards under collective bargaining agreements is extremely narrow. *See* **Rush Prudential HMO, Inc. v. Moran**, 536 U.S. 355, 396, 122 S.Ct. 2151, 2176, 153 L.Ed.2d 375 (2001); **Hasbro Inc. v. Catalyst USA, Inc.**, 367 F.3d 689, 691-92 (7th Cir. 2004); **Perfection Bakeries, Inc. v. Chauffeurs, Teamsters & Helpers, Local Union No. 414**, 105 Fed. Appx. 102, 105 (7th Cir. 2004). A court will set aside an arbitration award only if the arbitrator "exceeded his or her authority." **Northern Indiana Public Service Company v. United Steel Workers of America, AFL-CIO-CLC**, 243 F.3d 345, 347 (7th Cir. 2001). Because arbitral authority is "born in contract," the courtís review is limited to determining whether the arbitrator based his award on "some body of thought, or feeling, or policy, or law that is outside the contract that the award can be said not to draw its essence from the [CBA]." **NIPSCO**, 243 F.3d at 347 (*quoting* **Jasper Cabinet Company v. United Steelworkers of America**, 77 F.3d 1025, 1028 (7th Cir. 1996)); **Sheet Metal Workers Local Union No. 20 v. Baylor Heating and Air Conditioning, Inc.**, 688 F.Supp. 462, 470 (S.D. Ind. 1988), *aff'd*, 877 F.2d 547 (7th Cir. 1989). The court "may not review an arbitrator's decision on the merits despite allegations that the decision rests on factual errors, legal blunders, or misinterpretation of the CBA." **Perfection**

***Bakeries***, 105 Fed. Appx. at 105.  *See also* ***NIPSCO***, 243 F.3d at 347.

Section 301(a) of the LMRA states that "suits for violation

The parties dispute whether state or federal law applies to the CBA arbitration in this case.  The Union maintains that federal law applies, but Culver contends that the award must comply with Indiana's Uniform Arbitration Act in every respect.  Because Culver's position is contrary to long-established principles of labor law, summary judgment must be granted in favor of the Union.

Section 301(a) of the LMRA states that "suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction. . . ." 29 U.S.C. ß185.  In 1957, the Supreme Court determined that "the substantive law to apply in suits under ß301(a)" was not state law, but rather "federal law, which the courts must fashion from the policy of our national labor laws." ***Textile Workers Union v. Lincoln Mills of Alabama***, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957).  Moreover, Section 301 "creates a federal remedy for the breach of a collective bargaining agreement. The remedy is exclusive; no action to enforce such an agreement may be based on state law." ***National Metalcrafters, a Division of Keystone Consolidated Industries v. McNeil***, 784 F.2d 817, 823 (7th Cir. 1986).  Therefore, "the LMRA preempts the entire field of disputes involving the interpretation or enforcement of collective bargaining agreements, and thus governs all claims which are

6

founded on rights directly created by collective bargaining agreements, or are substantially dependent on analysis of a collective-bargaining agreement." *Fish v. Reliance Electric Company*, No. 93-1481, 1994 WL 196425, at *1 (7th Cir. May 18, 1994) (internal quotations and citations omitted.)  Although state law may supply a rule when the LMRA is silent and the state law is compatible with the purposes of Section 301, the state law "will be absorbed as federal law and will not be an independent source of private rights."  *Lincoln Mills*, 353 U.S. at 457, 77 S.Ct. at 918.

For example, the court must apply the statute of limitations found in the Indiana Arbitration Act because the LMRA does not contain a statute of limitations. *See* *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (AUW), AFL-CIO  v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.*, 628 F.2d 1023, 1027 (7th Cir. 1980); *School City of East Chicago, Indiana v. East Chicago Federation of Teachers, Local # 511, A.F.T.*, 422 N.E.2d 656, 660 (Ind. App. 1981).  The Indiana Arbitration act provides an action to vacate an arbitration award

> shall be made within ninety (90) days after the
> mailing of a copy of the award to the applicant,
> except that, if predicated upon corruption or
> fraud or other undue means, it shall be made with-
> in ninety (90) days after such grounds are known
> or should have been known.

7

>Ind. Code ß34-57-2-13(b)

Federal policy indicates that under this statute, "defenses to an award recognized by Sections 13 [for vacating an award] and 14 [for modification or correction of an award] [must] be asserted within the ninety (90) day period or they would be waived." ***East Chicago***, 422 N.E.2d at 660.  *See also* Ind. Code ßß34-57-2-13, 34-57-2-14; ***Jefferson Trucking***, 628 F.2d at 1027; ***Sheet Metal***, 688 F.Supp. at 471.  Procedural and technical deficiencies are among the defenses waived if not timely asserted.  *See, e.g.*, ***International Brotherhood of Electrical Workers, Local Union 969 v. Babcock & Wilcox***, 826 F.2d 962, 965 (10th Cir. 1987) (finding that no notice of a hearing was not grounds to vacate when the employer received notice of the arbitration award); ***Sheet Metal***, 688 F.Supp. at 474 (finding that failure to follow the procedures for dispute resolution under a CBA waived this defense); ***Melvin P. Windsor, Inc. v. Mayflower Savings & Loan Association,*** 278 A.2d 547, 548 (N.J. Super. 1971) (finding that absence of signatures of the majority of arbitrators on the arbitration award is a mere technical deficiency not warranting vacating the award).

   Culver first argues that the arbitration award should have been signed by all of the arbitrators, rather than just Nelson. The Indiana Arbitration Act requires that an arbitration award "be in writing and signed by the arbitrators concurring therein." Ind. Code ß34-57-2-9(a).  Although no court has interpreted the signature requirement in the Indiana act, the general rule is that mere failure to sign an arbitration award is a technical

8

error that does not give cause to vacate the award.  *See, e.g.* **Tenderella v. Kaiser Permanente**, 911 P.2d 360, 361-62 (Or. App. 1996); **United Brotherhood of Carpenters and Joiners of America, Local 642, AFL-CIO v. DeMello**, 100 Cal. Rptr. 564, 565 (Cal. App. 1972); **Windsor**, 278 A.2d at 548.  Rather, lack of signature will warrant vacation of an award only if there is some evidence of other procedural misconduct, such as exclusion of other arbitrators from the hearing or other evidence than an arbitrator exceeded his powers. *See* Ind. Code ß34-57-2-13.  *See also* **International Brotherhood of Electrical Workers, Local Union 1823 v. WGN,** 615 F.Supp. 64, 66-67 (D. Colo. 1985); **International Hod Carriers Local 227 v. Sullivan**, 221 F.Supp. 696, 698 (E.D. Ill. 1963).  In any event, a party may not challenge an adverse arbitration award on the basis of insufficient signatures after the expiration of the 90 day statute of limitations. *See* Ind. Code ß34-57-2-14; **Jefferson Trucking**, 628 F.2d at 1027; **Baylor**, 688 F.Supp. at 474.

   Next, Culver argues that the arbitration award is invalid because it did not detail the reasoning behind the arbitrators' decision.  In addition to being untimely (and thus waived), Culver's challenges to the award's technical merit are not legally significant.  Under the LMRA, "[a]rbitrators have no obligation to the court to give their reasons for an award." **United Steelworkers of America v. Enterprise Wheel & Car Corporation**, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).  *See also* **Amoco Oil Company v. Oil, Chemical & Atomic**

9

*Workers International Union, Local 7-1, Inc*, 548 F.2d 1288, 1295 (7th Cir. 1977). Culver's "boot-strapped" argument that the lack of written determination rendered him unable to formulate an appeal fails for the same reason.

Finally, Culver argues that the arbitration award was invalid substantively because Long was discharged for cause, rather than laid off.  Because Culver failed to make this challenge timely, it is waived.  *See* Ind. Code ß34-57-2-13(b).

In sum, Culver has no defense to the arbitration award.  Therefore, Culver must pay $20,314.24 to Long in compliance with the reinstatement, back wages, and benefits awarded to him by the LJAB.

### B. Attorneys Fees

Article X, Section 6 of the CBA states that in the event of non-compliance with a decision of the LJAB, the party seeking to enforce the decision is entitled to costs and attorney fees.  In addition to this contractual right, the Union may be awarded attorneys fees by law if Culverís defense "was frivolous, which our cases define to mean brought in bad faith-brought to harass rather than to win." *Local 879, Allied Indus. Workers of America, AFL-CIO v. Chrysler Marine Corp.*, 819 F.2d 786, 791 (7th Cir. 1987) (*quoting* *Miller Brewing Co. v. Brewery Workers Local Union No. 9, AFL-CIO*, 739 F.2d 1159, 1167 (7th Cir. 1984)). Under this standard, a "baseless challenge to an arbitration award" supports an award of attorney fees.  *See* *Sheet Metal*, 688 F.Supp. at 474.

10

However, "attorneys fees are not appropriate when the attorney for the losing party has made a reasonable inquiry into the law and facts." *Sheet Metal*, 688 F.Supp. at 474.

All of Culver's defenses were without merit and barred by the statute of limitations. Because Culver's arguments are not reasonable in light of the law or facts of this case, attorney fees are appropriate. In addition, Culver is a voluntary party to the CBA and agreed to be responsible for the Unionís costs and fees in the event of non-compliance with an LJAB decision.

For the foregoing reasons, Motion for Summary Judgment filed by the defendant, Culver Roofing, Inc., on July 6, 2005 is **DENIED**, and the First Amended Motion, With Self-Contained Brief, for Confirmation of Arbitration Award and For Its Attorneyís Fees and Costs filed by the plaintiff, Sheet Metal Workers International Association Local Union No. 20, on July 7, 2005 is **GRANTED**. The plaintiff is **ORDERED** to file an affidavit of attorneys fees and costs incurred in this action to enforce the arbitration award by February 10, 2006.

ENTERED this 30th day of January, 2006

                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge