```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


LOCAL NO. 20 SHEET METAL       )
WORKERS' INTERNATIONAL         )
ASSOCIATION,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 2:04 CV 142
                               )
CULVER ROOFING, INC.,          )
                               )
          Defendant            )
```

OPINION AND ORDER

This cause is now before the Court on the Motion to Reconsider filed by the defendant, Culver Roofing, Inc., on March 22, 2006.  For the reasons set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART**.

Background

The court hereby incorporates the following facts from the court's January 30, 2006 Order denying Culver's motion for summary judgment:

> On December 3, 2003, the Local Joint Adjustment Board for the Sheet Metal Industry ("LJAB") issued an arbitration decision in favor of the Union. In the decision, the LJAB held that Culver violated Addendum X, Section 1(a) of the collective bargaining agreement by laying off the steward, Rob Long, before the last man on the job.
>
> January 30, 2006 Order, pg. 1

In denying summary judgment and affirming the arbitration award, this court noted that federal substantive law governed in suits for the violation of a contract between an employer and a union under ß301 of the Labor Management Relations Act. Furthermore,

federal law preempts the entire field of these disputes except when the LMRA is silent and the state law is compatible with ß301. *See* Order, pp. 6-7. Because the LMRA does not include a limitation of actions provision, the court then applied the statute of limitations from the Indiana Arbitration Act ("IAA") to find that all of the arguments raised by Culver on summary judgment were untimely, among other issues. *See* Order, pp. 8-10. Finally, the court awarded attorneys' fees based on the CBA itself, and alternatively, under the "frivolous" standard set forth by law. *See* Order, pp. 10-11.

In its motion for reconsideration, Culver primarily objects to the award of attorneys' fees under the "frivolous" standard and argues that the defenses asserted in the first round of briefing were not clearly preempted by federal law under ß301.

## Discussion

As acknowledged by Culver in its motion to reconsider, "a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the CBA." ***In re Bentz Metal Products, Co.***, 253 F.3d 283, 285 (7th Cir. 2001). Culver does not dispute that the LJAB held that Culver violated Addendum X of the CBA. This issue clearly was within the scope of ß301 preemption. *See* **Bentz**, 253 F.3d at 285 ("Today, it is well understood that a claim for breach of a collective bargaining agreement is preempted.").

Culver now seeks to establish that because its defenses concerned the actions of the arbitrators rather than interpreta-

2

tion of the CBA itself, these defenses were governed by state law, not federal law, concerning objections to the award. *See* Mot. Reconsider pp. 5-22.  But even if the court were to agree with Culver, the difference is not dispositive.  This court never held that the IAA entirely was rendered moot by ß301.  Rather, the court specifically found that the LMRA incorporated the statute of limitations from that Indiana statute. Furthermore, the IAA supplied the rule of decision in this case, despite the overall preemption of federal law. Consequently, the state law Culver seeks to apply would render its defenses untimely in any event. For these reasons, the motion to reconsider must be denied.

However, the Union indicates that it has no objection to striking the paragraphs of the court's previous decision in which attorneys' fees were awarded under the "frivolous" standard. Accordingly, the court's Order of January 30, 2006 is amended as set forth below.  However, the balance of the court's January 30, 2006 Opinion, including the award of attorneys' fees pursuant to the CBA, remains in effect.

_____

For the foregoing reasons, the Motion to Reconsider filed by the defendant, Culver Roofing, Inc., on March 22, 2006 is **GRANTED IN PART** and **DENIED IN PART**. Section B of the January 30, 2006 Order hereby is **AMENDED** as follows:

> Article X, Section 6 of the CBA states that in the event of non-compliance with a deci-
> sion of the LJAB, the party seeking to en-

3

>force the decision is entitled to costs and attorneys' fees. Culver is a voluntary party to the CBA and agreed to be responsible for the Union's costs and fees in the event of non-compliance with the LJAB decision. Accordingly, an award of attorneys' fees is appropriate.

The January 30, 2006 Opinion otherwise is **REAFFIRMED**.

ENTERED this 18th day of May, 2006

>s/ ANDREW P. RODOVICH
>United States Magistrate Judge